**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TREVOR ALSTON | : | NO. 09-640 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**
**FOR IMPROPER JOINDER OR TO SEVER**

Baylson, J.                                                    **August 24, 2010**

In the original indictment in this case, Defendant Trevor Alston was charged with two

robberies that interfered with interstate commerce under 18 U.S.C. § 1951(a) (Hobbs Act

robbery), and for each robbery, a firearm violation under 18 U.S.C. § 924©. On February 17,

2010, Defendant's prior counsel filed a Motion to Sever pursuant to Federal Rules of Criminal

Procedure 8(a) and 14(a) (Doc. No. 12).  The following day, on February 18, 2010, the grand jury

returned a superceding indictment, which charged Defendant with four additional Hobbs Act

robberies and four additional firearm charges, and conspiracy, bringing the total number of

robberies and firearm violations to six separate incidents.

On May 28, 2010, present counsel for Defendant filed a Supplemental Motion to Sever

these offenses (Doc. No. 32).  The government has responded (Doc. No. 16).[1]  The government

argues that the combining of all six offenses in one indictment is not improper under Rule 8(a),

and that the Court, in its discretion, should deny the Defendant's Motion to Sever under Rule

---

[1]The government's response to Defendant's Motion to Sever includes an alternate Motion
to Admit Evidence of robberies pursuant to F. R. E. 404(b). The Court will take under
consideration whether the Court should deny 404(b) treatment for an uncharged robbery which
the government seeks to introduce into evidence, and that the Defendant has pled guilty to
another robbery and is awaiting sentencing before Judge Gardner of this Court.

14(a).

The Court will deny the Defendant's Motions for improper joinder and for severance. All of the robberies charged in this case took place within a thirty-day period; two took place in Philadelphia and four took place in the Allentown area. The government's brief demonstrates substantial evidence before the grand jury supporting the charges, including the anticipated testimony of a co-conspirator. In addition, the government points to evidence of similar conduct by the perpetrator of all of these robberies including wearing similar clothing, using a black colored gun, and demanding that the victims of the robberies turn over to the robber a piece of identification – inferentially to intimidate the victims from filing a complaint or making any identification.

In support of its joinder, the government asserts that the test for joinder under Rule 8(a) is a broad one. Rule 8(a) states that "an indictment . . . may charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Third Circuit has stated that charges are properly joined when the evidence shows that they are logically connected and share a "transactional nexus." United States v. Eufrasio, 935 F.2d 553, 568 n. 20 (3d Cir. 1991).

The Court concludes that the nature of the case and the evidence which the government proffers more than satisfy this test. In each case, the perpetrator used the same or similar weapon, the robberies all follow a certain pattern, such as demanding the identification of the victims, and they took place in a short period of time in a confined geographic area, all these factors show Rule 8(a) is satisfied. The indictment surely satisfies the requirement of a

"common scheme or plan."

Concerning Defendant's Motion for discretionary severance, Defendant's counsel has strongly argued that the prejudice that would follow from a jury hearing six separate robberies, charged together, is overwhelming and that the Defendant cannot receive a fair trial. The Court notes that most of the appellate precedents involving severance concern severance of multiple defendants, rather than severance of multiple offenses. In fact, the Court has not found a single Third Circuit precedent finding error from a court's denial of severance as to multiple offenses.

One of the leading cases in the Third Circuit on severance of both counts and defendants is United States v. Eufrasio, 935 F.2d 553 (3d Cir. 1991). This case reiterates the long-standing rule that severance is discretionary, and that the rule places the burden of showing prejudice from the joinder on the defendant seeking severance. The court indicated that review of denial of severance is two fold. The court should first determine from the record, as it was when the severance motion was made, what trial developments were then reasonable foreseeable, and in that light, decide whether the court abused its discretion denying severance. The trial court should balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants. Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources. If the court decides the trial court abused its discretion, the appellate court looks to see whether appellants have pinpointed the trial prejudice. The conviction will only be reversed if the defendant shows specifically that the denial caused trial prejudice. In Eufrasio, the court rejected the claim of a prejudicial joinder. In this case, the Court cannot conclude from the mere fact that these various Hobbs Act robberies have been joined together in a separate indictment will lead to prejudice against the Defendant.

The Court will give careful jury instructions and welcomes proposed instructions from defense counsel on this point, that the mere fact of the indictment is no evidence nor is the fact that the Defendant is charged in six separate robberies – but that the jury must give individual consideration to whether the government has proven the Defendant guilty beyond a reasonable doubt as to each separate robbery, the jury must consider the evidence as to each individual robbery separately, and not in any way assume that the Defendant is guilty of more robberies because of evidence presented as to one robbery.

The government's brief, p. 18, footnote 10, contains a long list of indictments in this and other districts where multiple crimes, very often Hobbs Act robberies, have been charged in a single indictment.

If the government fails to prove the Defendant guilty beyond a reasonable doubt as to any one robbery, the Court must assume that the jury will follow the Court's instructions and return a not-guilty verdict as to that robbery. If the trial record shows that the government's evidence has been insufficient as a matter of law to prove the Defendant guilty as to any specific count charged in the indictment, this Court will be duty bound to direct a verdict, or if after trial, to arrest judgment and acquit the Defendant on that charge. On the other hand, if the government does present sufficient evidence that the Defendant has committed one or more of the charged robberies, the fact that they have been joined together in a single indictment is not prejudicial. As Eufrasio holds, there is a strong public interest in joint trials where joinder is proper under Rule 8(a). Although judicial economy should not trump a defendant's showing of real prejudice, at the same time the function of jury instruction is to provide the law to the jury, which presumably will be followed by the jury.

Although the Defendant is presumed innocent, if it turns out that the government presents sufficient evidence to prove the Defendant guilty beyond a reasonable doubt, and the jury finds him guilty of one or more of the offenses, the Defendant cannot claim prejudice from the mere fact of being tried together on these series of offenses. The government should not be denied an opportunity of showing evidence of common behavior as to all the robberies, which may allow the jury to infer that the same person committed more than one of these robberies. In other words, the Defendant should not gain any advantage from receiving separate trials where the Court is certain that he can be accorded a fair trial if all the charges are tried together. From the proffer of evidence by the government, the Court believes that there is substantial evidence of a course of conduct that would be a legitimate piece of evidence for the government's evidence and appropriate argument to the jury.

Although defense counsel has made valid arguments in support of severance, the precedents hold severance of counts to avoid prejudice is discretionary. The burden on the Defendant to demonstrate "clear and substantial prejudice" is not met merely by showing that multiple offenses will be charged together. Nor is the fact that the government has alleged admissions by Defendant in some robberies but not on others, because these are not confessions by a co-defendant to the police, the admission of which may violate <u>Bruton v. United States</u>, 391 U.S. 123 (1968), but rather admissions allegedly made by the Defendant to others.

If Defendant may wish to testify in defense of some of these offenses but not others, the Court can carefully restrict the prosecutor, by limiting cross examination, and also instruct the jury not to consider the Defendant's lack of testimony on one offense as having any evidentiary weight even if the jury does not accept his defense on another one of the offenses charged. In

<u>Bradley v. United States</u>, 433 F.2d 1113, 1122 (D.C. Cir. 1969), the court held that a defendant's election "to testify on some but not all of the charges on trial does not automatically require . . . severance."

As the government points out, the Third Circuit's Model Jury Instructions (of which the undersigned was one of the drafters) specifically provides § 3.07 jury instructions to eliminate, if not minimize, any possible prejudice on this point. As is well known, juries are presumed to follow the Court's instructions. <u>Opper v. United States</u>, 348 U.S. 84, 94 (1954).

The Court will also be careful to instruct the jury, and preclude the prosecutor from arguing otherwise, that the mere fact that Defendant has been charged with numerous robberies does not indicate any propensity to commit robberies or other criminal acts.

For these reasons, Defendant's Motion to Dismiss for Improper Joinder, and Alternatively for Severance is denied.

An appropriate Order follows.